**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4222**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY COLEMAN, a/k/a Dirty Red,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Cameron McGowan Currie, District Judge. (1:91-cr-00189-CMC-3)

Submitted:  May 4, 2007          Decided:  September 12, 2007

Before WILLIAMS, Chief Judge, and MOTZ and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Robert Claude Jendron, Jr., Jonathan Scott Gasser, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Coleman appeals the district court's order revoking his supervised release and sentencing him to twenty-four months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no non-frivolous grounds for appeal but questioning whether the district court abused its discretion in finding Coleman committed a Grade A violation of the conditions of his supervised release. Coleman filed a pro se supplemental brief and addendum to the brief asserting additional claims. Finding no error, we affirm.

This court reviews a district court's revocation of supervised release for an abuse of discretion. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of discretion occurs when the court fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The supervised release statute requires that the individual refrain from committing another federal, state, or local crime during the term of supervised release. See 18 U.S.C. § 3583(d) (2000). It is not necessary that the individual be subject to a separate federal, state, or local prosecution for the conduct that violates the terms of supervised release. USSG § 7B1.1, comment. (n.1) (2005). The district court need only find

a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2000).

We find there was sufficient evidence that Coleman committed the offense of possession with intent to distribute cocaine, resulting in a Grade A violation of the conditions of supervised release. We also conclude that Coleman's sentence is within the statutory maximum sentencing range, and the district court's revocation proceedings otherwise comport with due process. See 18 U.S.C. § 3583 (2000).

Coleman claims in his pro se supplemental brief that counsel was ineffective in failing to move to suppress evidence at the revocation hearing. Ineffective assistance of counsel claims must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that counsel was ineffective. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We find it is not conclusive from the face of the record that counsel provided ineffective assistance and thus the claim is not cognizable on direct appeal.

In addition, we find Coleman's claim that his term of supervised release and sentence on revocation of supervised release amounted to double jeopardy is meritless. See United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998) ("A term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of the supervised

release are all part of the original sentence")(citation omitted).

Finally, to the extent Coleman challenges witness credibility, the

district court's determination of witness credibility is not

reviewable.  See United States v. Saunders, 886 F.2d 56, 60 (4th

Cir. 1989).  Finding no error, we affirm the judgment of the

district court.

This court requires that counsel inform her client, in

writing, of his right to petition the Supreme Court of the United

States for further review.  If the client requests that a petition

be filed, but counsel believes that such a petition would be

frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a

copy thereof was served on the client.  We dispense with oral

argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not

aid the decisional process.

AFFIRMED